KENYON PRINTING & MANUFACTURING COMPANY v. CROSBY.

Opinion delivered October 21, 1912.

SALES—MAPS—DEFECTS.—Where plaintiff sold defendant, a hotel keeper, certain State maps for advertising purposes, and the name of the town where defendant's hotel was located was incorrectly stated to be Heber, instead of Heber Springs, and the population of the town was incorrectly given on the back of the maps, but the plaintiff was not to blame for the mistake, it was error to instruct the jury that, if there was a misstatement of the population of the town, and by reason thereof the maps were rendered useless to defendant as an advertising medium, the jury should find for defendant; the mistakes being immaterial and insufficient to avoid the contract.

Appeal from Cleburne Circuit Court; *George W. Reed,* Judge; reversed.

*M. E. Vinson,* for appellant.

*Mitchell & Thompson,* for appellee.

HART, J. The Kenyon Printing & Manufacturing Company commenced this suit before a justice of the peace to recover the sum of $97.65, alleged to be due it by the defendant, C. F. Crosby, doing business as Hotel Adrian. There was a verdict and judgment in favor of the plaintiff. Upon appeal in the circuit court there was a verdict in favor of the defendant, and from the judgment rendered the plaintiff has appealed to this court. The material facts are as follows:

The plaintiff is a corporation engaged in manufacturing State and county maps, and through its representative sold

to the defendant, Crosby, five hundred Arkansas State Map hangers to be used for advertising his hotel at Heber Springs, Arkansas. Crosby signed a written order for the maps, and in it was a clause which provided that the order, being contract work, was not subject to cancellation. The contract bore date of June 1, 1911, and the maps were delivered according to contract. A sample map was exhibited to Crosby, and it was agreed that in one blank space a cut of the Arkansas State Capitol building should appear and in another a cut of the Adrian hotel. In one of the blank spaces appeared the name of the makers of the map and also the following: "Map of Arkansas, with population and location of principal towns and cities. For 1910 statistics see back of map." When the maps were received, the face of the maps was correct, and printed statistics appeared on the back. The defendant distributed a few of the maps, and then discovered that the name of the town of Heber Springs was not printed on the back of the map. It was printed there as Heber, and its population was given as 667. In reality the town of Heber Springs contains a population of something over eleven hundred. The mistake occurred in this way: The plaintiff obtained the statistics printed on the back of the maps from the United States census reports, and these reports did not contain the name of Heber Springs at all. The name of Heber Springs was formerly Sugar Loaf, and so appeared in the census report. The name was changed to Heber Springs on April 4, 1910, and this fact was not known to the plaintiff, and, not finding the name of Heber Springs in the census reports, it gave the name of the town and the population thereof as given by Dun's and Bradstreet's Commercial Guides.

When the plaintiff was informed of the mistake on October 7, 1911, it wrote to the defendant the facts about the matter and offered to make a rubber stamp containing the name of the town and the population thereof in any form desired by the plaintiff, and to send it with a black ink pad to the defendant so that he might make the correction on the back of the maps. Subsequently it offered the plaintiff a reduction of $15 in the price if he would do this, and wrote him that if this was not satisfactory to return the maps by freight, and that it would reprint them and return them freight prepaid at once.

The defendant declined both propositions, and offered to compromise the matter by paying one-half of the amount of the contract price. The plaintiff refused to accept his proposition of compromise, and brought this suit to obtain the full contract price.

The census of the town was taken in April, 1910, and the census reports show the town to contain a population of 1,126, but at the time the maps were printed the census reports did not show the changing of the name of the town from Sugar Loaf to Heber Springs, and, as above stated, this was the cause of the mistake on the part of the plaintiff.

The defendant testified that he bought the maps to advertise his hotel, and that because of the mistake in question the maps were of no service to him as advertising matter; that he expressly desired to distribute the maps in Northern and Eastern cities for his winter trade, and that when he found out the town was not there under its proper name and did not contain the correct population he concluded the maps were useless to him for advertising purposes. That plaintiff's representative told him that the names and population of the towns of the State, as printed on the back of the maps, would represent the census of 1910.

Among other instructions, the court told the jury that, if it should find there was a misstatement of the population of the town printed on the back of the map, and by reason of that misstatement it was rendered useless to the defendant as an advertising medium, it should find for the defendant. This instruction was wrong. The undisputed evidence shows that the plaintiff was in nowise to blame for the mistake that occurred in printing the name of the town and the population thereof on the back of the maps. It was understood between the parties that the data should be taken from the 1910 census reports. The census reports available at the time the maps were printed by the plaintiff showed the name of the town to be Sugar Loaf. It is true the name of the town was changed from Sugar Loaf to Heber Springs on April 4, 1910, but that fact was not known to the plaintiff, and was not shown in the census bulletins issued at the time the maps were printed.

Plaintiff then went to the reports of Dun and of Bradstreet's, and found the name of the town as Heber, and so printed

it on the maps, together with the population given by these commercial reports. Thus it will be seen that the plaintiff made every available effort to comply with its contract, and under the undisputed evidence in the case was not in default.

Moreover, we are of the opinion that that part of the statistics printed on the back showing the name of the town and its population was not material. The defendant was running a hotel, and the object of the map was to advertise his hotel. The maps contained a cut of the defendant's hotel on their face, and in every respect were according to the contract. The maps were intended to be hung up, and the face of the maps would be the part ordinarily seen by persons examining them. The only mistake being in the printing of the name of the town and the population thereof in the statistics compiled on the back of the maps, we deem this to be immaterial, and think that it should not avoid the contract.

For the error indicated, the judgment will be reversed. The policy of the law is to end litigation. The case has been fully developed, and the undisputed evidence shows that the plaintiff has fully complied with its contract, and is entitled to recover the contract price. Therefore, judgment will be entered here for the sum of $97.65, being the amount designated in the contract.